UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN J. LUETHJE,<br>    Plaintiff<br><br>    v.<br><br>NOVOLEX SHEILDS, LLC, *et al.*,<br>    Defendants | No. 24 CV 4954<br><br>Judge Jeremy C. Daniel |

### ORDER

For the reasons stated in this order, Plaintiff Susan J. Luethje's motion to remand this case to the Circuit Court of Cook County, Illinois [33] is granted. The Novolex Defendants' motion to dismiss [36] is denied as moot. The Clerk is instructed to remand this case to the Circuit Court of Cook County pursuant to 28 U.S.C. § 1447(e).

### STATEMENT

This survival action is brought by Plaintiff Susan J. Luetheje, widow of former Novolex Shields, LLC employee, Daniel Luethje, and special representative of his estate, alleging that Novolex and the other named defendants exposed Daniel to toxic chemicals that caused him to develop lung disease and die. (R. 28 ("Amend. Compl.") ¶¶ 44–55.) The suit was initially filed in the Circuit Court of Cook County against Defendants Novolex, LLC, Novolex Holdings, LLC, and General Packaging Products, LLC. (R. 1-1.) The defendants removed the case on diversity grounds. (R. 1 (citing 28 U.S.C. § 1332).) Following removal, the Court granted the plaintiff's motion for expedited discovery to identify additional defendants, (R. 14), and subsequently granted the plaintiff leave to file an amended complaint. (R. 21; R. 27.)

The amended complaint adds thirty-one additional defendants (the "Products Defendants") who allegedly manufactured or supplied chemicals that caused Daniel Luethje's death. (Amend. Compl. ¶¶ 1, 86, 119–24.) The plaintiff now seeks to remand this case to state court on the grounds that several of the Products Defendants are citizens of Illinois, and therefore the parties are not completely diverse. (R. 33.) Defendants Novolex, LLC, Novolex Holdings, LLC, General Packaging Products, LLC, and Clydesdale Acquisition Holdings, Inc. (together, the "Novolex Defendants") contend that subject matter jurisdiction is proper, and, alternatively, request that this Court sever the claims against the Products Defendants pursuant to Federal Rule of Civil Procedure 21. (R. 42.) They also move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 36.)

Here, the Court's analysis begins and ends with the plaintiff's motion to remand. Removal is proper in any action that could have originally been filed in federal court. 28 U.S.C. § 1441. Diversity jurisdiction is proper if the amount in controversy exceeds the sum or value of $75,000 (exclusive of interests and costs) and the parties are citizens of different states. 28 U.S.C. § 1332. The statute requires complete diversity—no defendant may have the same citizenship as any plaintiff. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

The Novolex Defendants assert that federal jurisdiction is proper, and therefore they bear the burden of establishing complete diversity in response to the plaintiff's motion to remand. *See, e.g.*, *Wolf v. Kennelly*, 540 F. Supp. 2d 955, 959 (N.D. Ill. 2008) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)); *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021). To do so, they must support jurisdictional allegations with "competent proof," *i.e.* evidence which proves "to a reasonable probability that jurisdiction exists." *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (citations omitted). "The removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715 (7th Cir. 2000).

In her motion, the plaintiff offers evidence purporting to show that complete diversity is absent because Defendants Phoenix Ink and Coatings, LLC ("Phoenix"), Avatar Corporation ("Avatar"), and Sun Chemical Corporation, North American Inks ("Sun Chemical"), are citizens of Illinois. Specifically, the plaintiff includes screenshots of the Illinois Secretary of State website showing that Phoenix is a domestic LLC and Avatar is a domestic corporation, as well as screenshots of Sun Chemical's website and company letterhead indicating that that the company's headquarters is in Northlake, Illinois. *See e.g.*, *Portell v. Zayed*, 375 F. Supp. 3d 1025, 1029 n.1 (N.D. Ill. 2019) ("[M]aterial outside of [the] complaint may be considered on motion to remand.").

For diversity jurisdiction purposes, a corporation is a citizen of both its principal place of business and its state of incorporation, 28 U.S.C. § 1332(1), and an LLC shares the citizenship of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). The Novolex Defendants point out that—at least as to Phoenix and Avatar—the plaintiff's evidence falls short of conclusively demonstrating that these parties are citizens of Illinois. Although Phoenix is a "domestic LLC," (R. 33-4), the Secretary of State website provides no information about the citizenship of its members. Similarly, while the Secretary of State's website lists Avatar as a domestic corporation, its status is listed as "merged/consolidated," and a press release shows that it was purchased by, Caldic, a European chemical producer, in 2023.

If the burden were on the plaintiff, the Court might agree that she fell short of demonstrating the parties' citizenship, at least as to Phoenix and Avatar. But the burden is not on the plaintiff, it is on the Novolex Defendants. *See Wolf*, 540 F. Supp.

2

2d at 959.[1] It is they who must produce competent proof demonstrating a reasonable probability that jurisdiction exists. *Chase*, 110 F.3d at 427. And they have failed to do so. The Novolex Defendants offer no evidence regarding the citizenship of Phoenix's members in response to the plaintiff's motion. (*See* R. 42.) Nor do they offer any evidence concerning Avatar's citizenship beyond the fact that the company has been merged and consolidated with Caldic.[2] "[A]ny doubts" about the defendants' citizenship "should be resolved in favor of the plaintiff's choice of forum in state court.*" Channon v. Westward Mgmt., Inc.*, No. 19 C 5522, 2020 WL 1233766, at *4 (N.D. Ill. Mar. 13, 2020) (citing *Ill. Bell Tel. Co. v. Global NAPs Ill., Inc.*, 551 F.3d 587, 590 (7th Cir. 2008)). Finally, the Novolex Defendants fail to rebut the plaintiff's evidence that Sun Chemical's corporate headquarters is in Northlake, Illinois. (R. 33-6; R. 46-2.) They assert that Sun Chemical's New Jersey-based parent company is the company's "nerve center," but cite no evidence to support this conclusion. (R. 42 (citing *Big Shoulders Capital LLC v. San Luis Rio Grande Railroad, Inc.*, 13 F.4th 560, 571 (7th Cir. 2021)). In sum, the Novolex Defendants have not met their burden of establishing a reasonable probability of federal jurisdiction. The Court therefore assumes that the parties in the amended complaint are not completely diverse for purposes of 28 U.S.C. § 1332.

Following removal, where a motion for leave to amend is granted as a "routine matter" and the plaintiff joins nondiverse parties whose inclusion would destroy subject matter jurisdiction, a district court has two—and only two—options: (1) deny joinder of the nondiverse defendants, or (2) permit joinder and remand the action to state court. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (citing 28 U.S.C. § 1447(e)); *see also, e.g.*, *Witkowski v. Toyota Indus. Equip.*, No. 92 C 0851, 1992 WL 159267, at *1 (N.D. Ill. June 29, 1992). In determining whether post-removal joinder of a nondiverse party is appropriate, the Court must weigh four factors: (1) the plaintiff's motive for seeking joinder; (2) the timeliness of the plaintiff's request; (3) prejudice to the plaintiff if joinder is refused; and (4) "any other relevant equitable considerations." *Schur*, 477 F.3d at 759 (citation omitted).

Here, there is no evidence of improper motive. The plaintiff discovered the identities of the nondiverse defendants through expedited discovery, and there is no indication that she was aware of their citizenship prior to seeking leave to amend. The Novolex Defendants do not suggest that the joinder is fraudulent, or that the plaintiff's negligence and wrongful death claims against the nondiverse defendants have "no chance of success." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (citation

---

[1] The Novolex Defendants cite *In re Webster Place Athletic Club, LLC* for the proposition that the plaintiff bears the burden of establishing complete diversity. 599 B.R. 20, 27 (Bankr. N.D. Ill. 2019). In *Webster*, however, the plaintiff/debtor had removed the adversary proceeding to federal bankruptcy court, and the defendant moved to remain. *See id.* The burden was on the plaintiff in that case because—like the Novolex Defendants here—it was the party opposing remand.

[2] The Court notes that the Secretary of State's website shows that Caldic's American subsidiary, Caldic USA Inc., is a citizen of Illinois.

omitted); *Schur*, 577 F.3d 752 at 764 (identifying fraudulent joinder as "another tool in the district judge's belt for scrutinizing the plaintiff's motive for joining a nondiverse party."). Their primary complaint is that the plaintiff did not disclose the identity or the citizenship of the nondiverse defendants during the June 27 status conference when she requested leave to amend her complaint, thus "depriv[ing]" them "of an opportunity to assess whether an objection to the joinder of any parties was warranted." (R. 42 at 8.) But it is unclear how the Novolex Defendants were prejudiced by the inability to raise at a status conference the same arguments they now raise in opposition to the plaintiff's motion. On balance, this factor weighs in favor of remand.

The second factor, timeliness, also favors remand. This factor examines "any delay between counsel's learning of the grounds for seeking joinder and acting on that knowledge." *See, e.g.*, *In re Abbott Lab'ys Preterm Infant Nutrition Prod. Liab. Litig.*, No. 22 C 2017, 2024 WL 2132425, at *6 (N.D. Ill. May 13, 2024). This case was filed a little over three months ago. The plaintiff moved for expedited discovery three days after the case was removed, and orally moved to amend her complaint less than two weeks thereafter. On these facts, there is no evidence of delay.

As to prejudice, the potential harm to the plaintiff by pursuing separate and potentially duplicative actions exceeds any potential prejudice to the defendants. The Novolex Defendants acknowledge that the plaintiff is seeking relief for the same injury against all named defendants. (R. 42 at 10.) "[D]enying joinder would result in two cases proceeding in separate court systems both seeking redress for injuries" that the decedent "suffered from exposure" to toxic products. *Harper v. Cent. Wire, Inc.*, No. 19 C 50287, 2022 WL 1102018, at *6 (N.D. Ill. Apr. 13, 2022). Not only would this be inefficient, but it would also create an opportunity for inconsistent rulings. For example, in a federal trial, the Novolex Defendants could successfully argue that the Products Defendants' failure to warn, as opposed to its own negligence, caused the decedent's injury, while the Product Defendants could successfully argue the opposite in state court, leading to inconsistent verdicts. Allowing the cases to proceed in separate forums could also cause duplicative discovery, as both cases are likely to involve communications between the Products Defendants and the Novolex Defendants.

The same considerations weigh against severing the claims against the Products Defendants under Rule 21. *See, e.g., Cnty. of Cook v. Philip Morris, Inc.*, No. 97 C 3295, 1997 WL 667777, at *7 n.5 (N.D. Ill. Oct. 17, 1997) (holding that the court's analysis of "equitable factors" under § 1447(e) also supported denying a motion for alternative relief under Rule 21). Although the Court has broad discretion to sever claims into separate proceedings, the underlying claims must be "discrete and separate," or capable of independent resolution. *Gaffney v. Riverboard Servs. of Ind.*, 451 F.3d 424, 442 (7th Cir. 2006) (citation omitted). As discussed above, the claims at issue involve a single overlapping injury, and the Court cannot say at this early stage that they may be neatly untangled.

The Novolex Defendants rely on *Filippini v. Ford Motor Company*, where a court in this district declined to join a nondiverse automobile dealer in a products liability suit following removal because the dealer was not an indispensable party under Federal Rule of Civil Procedure 19. 110 F.R.D. 131, 137 (N.D. Ill. 1986). This citation is inapt for at least two reasons. First, to permit joinder of a diversity-defeating party after removal, it is not necessary that the non-diverse party be indispensable under Rule 19. *See, e.g.*, *Ebersohl v. Bechtel Corp.*, No. 09 C 1029, 2010 WL 2164451, at *3 (S.D. Ill. May 31, 2010) (collecting cases). Rather, § 1447(e) and the discretionary *Schur* factors govern. Second, the factual circumstances in this case are distinct from *Filippini*, where the district court concluded that the plaintiff's interests would be "fully vindicated" if the dealer were excluded from the suit. The plaintiff does not allege harm arising from a design defect, but by inherently dangerous chemicals and the defendants' failure to warn. The plaintiff does not assert that the Novolex Defendants breached an implied warranty by selling a defective product (as in *Filippini*), but rather that, as the decedent's employers, they played an active role in permitting the chemicals to be used and failing to disclose their dangerousness.

Finally, the equities weigh in favor of remand. As mentioned above, this case is just over three months old. In considering a motion to remand, "'a plaintiff's choice of forum is presumed valid, and the court must resolve any doubts about jurisdiction in favor of remand.'" *Wragge v. Boeing Co.*, 532 F. Supp. 3d 616, 620 (N.D. Ill. 2021) (quotation omitted); *see also Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 91 (2005) (quotations omitted) (quoting Moore's Federal Practice § 107.14[2][c], p. 107–67 (3d ed. 2005)) ("In general, the plaintiff is the master of the complaint . . ."). On balance, given the early stages of this case and the plaintiff's interest in her preferred forum, the Court determines that remand is the preferable course. Accordingly, the Court remands this case to the Circuit Court of Cook County pursuant to 28 U.S.C. 1447(e). The Novolex Defendants' motion to dismiss is denied as moot.

Date: September 20, 2024

JEREMY C. DANIEL
United States District Judge